1  SCOTT A. KRONLAND (SBN 171693)
   JEFFREY B. DEMAIN (SBN 126715)
2  REBECCA C. LEE (SBN 305119)
   Altshuler Berzon LLP
3  177 Post Street, Suite 300
   San Francisco, CA 94108
4  Telephone: (415) 421-7151
   Facsimile: (415) 362-8064
5  E-mail: skronland@altber.com
           jdemain@altber.com
6          rlee@altber.com

7  Attorneys for the Union Defendants

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL MARTIN, | CASE NO.: 2:18-cv-01951-MCE-AC |
| Plaintiff, | **ORDER GRANTING MOTION TO TRANSFER VENUE** |
| v. | |
| CALIFORNIA TEACHERS ASSOCIATION, et al., | Date: October 4, 2018<br>Time: 2:00 p.m.<br>Location: Courtroom 7<br>Judge: Hon. Morrison C. England, Jr. |
| Defendants. | |

Presently before the Court is the Union Defendants' motion to transfer venue to the Central District of California pursuant to 28 U.S.C. §1404(a) (ECF No. 11), in which all Defendants have joined (ECF Nos. 13, 19). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotation marks omitted). On a motion to transfer venue, the moving party must make "a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." Hope v. Otis Elevator Co., 389 F.Supp.2d 1235, 1243 (E.D.Cal.2005) (quoting Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir.1986)). The Court has discretion in deciding whether such transfer is warranted based on an "individualized, case-by-case consideration of convenience and fairness." Van Dusen, 376 U.S. at 622.

Once the court determines a case could have been brought before the proposed transferee court, it must consider a number of private and public factors relating to the interests of the parties and the judiciary. For example, the court may consider: (1) the plaintiff's choice of forum, (2) respective parties' contacts with the forum, (3) contacts relating to the plaintiff's cause of action in the forum, (4) the cost of litigation in either forum, (5) the ease of access to sources of proof, (6) the complexity of the governing law, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) other factors that, in the interest of justice, impact the convenience or fairness of a particular venue. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498–499 (9th Cir.2000).

Given that Plaintiff resides in the Central District, is employed there by the Defendant School District, and has been represented there by the local Defendant Union, that district is by far more convenient. The only Defendants that are located within this

district are the State Defendants, who are sued in their official capacity only regarding the passage and enforcement of challenged provisions of state law. Moreover, even those Defendants agree that a transfer is appropriate given that the crux of Plaintiff's specific case arose in Riverside. Indeed, none of the Union Defendants are residents of this forum and nothing before the Court indicates that it would be anything but inconvenient to hail them here to defend against the instant action. Finally, given that there are already multiple related cases pending against these Defendants in the Central District, transfer of this likely related case makes sense as well. Pursuant to 28 U.S.C. §1404(a), this action is hereby transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated: October 16, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE